OPINION
{¶ 1} Appellant Veronica Blake appeals the decision of the Columbiana County Municipal Court to grant Appellee, New England Square Condominium Association ("Association"), summary judgment on its complaint and dismiss Appellant's counterclaim.
 {¶ 2} The Association filed its complaint in the Columbiana County Small Claims Court on May 24, 2001, seeking monies allegedly owed by Appellant for her monthly condominium fees. These fees apparently consisted of monthly maintenance dues and insurance. The matter was later moved to the Municipal Court because of a conflict of interest.
 {¶ 3} Appellant, pro se, filed an answer and "counterclaim" on November 21, 2001. In her so-called counterclaim, Appellant sought to join as parties named officers of the Association, past and present; the previous owner of the condominium, the realty company assisting with that sale and two insurance companies. While both the answer and counterclaim are somewhat inarticulate and convoluted, to say the least, it can be gleaned that in her answer, Appellant raises as a defense to her failure to pay her condominium fees that the Association has failed in its repair and maintenance duties to Appellant for her unit. In her "counterclaim", it appears Appellant is setting forth in greater detail the faulty repairs and damage she claims to have sustained. She seeks damages from the Association and her various named additional parties claiming, inarticulately, that she is being charged fees based on too much square footage, that she was not completely reimbursed for certain repairs or improvements she made, that the lack of repairs and maintenance has affected the insurance coverages, that the former owner and/or realty company failed to disclose the problems encountered and failed to provide copies of bylaws and insurances until after her "rights" were affected. She appears to seek reimbursement of her maintenance and insurance fees for 72 months prior to the Association's filing, and the dismissal of the complaint.
 {¶ 4} At some point, the trial court dismissed the counterclaim as to the third-party defendants. This dismissal was never appealed. The counterclaim was not dismissed as to the Association.
 {¶ 5} After taking Appellant's deposition, the Association moved for summary judgment on August 5, 2002. Its motion specifically sought summary judgment as to Appellant's counterclaim and address the allegations therein, however, the motion did not expressly limit itself to the counterclaim.
 {¶ 6} On August 23, 2002, Appellant's counsel filed a notice of appearance and requested additional time to respond to the summary judgment motion. Despite the fact that counsel was granted until September 23, 2002, to respond, he failed to do so in a timely fashion. Therefore, the trial court did not consider his untimely response in making its determination. On September 26, 2002, the trial court granted the Association summary judgment as to its complaint and dismissed Appellant's counterclaim. Appellant filed, among other things, an unsuccessful motion to vacate. This timely appeal followed.
 {¶ 7} While neither party differentiates between the summary judgment granted as to the Association's complaint and the dismissal of Appellant's counterclaim, these are separate and distinct rulings which must be addressed separately. And while Appellant purports to set out four separate assignments of error, again, inarticulately, these four are all directed at Appellant's assertion that the trial court erred in granting the Association summary judgment. Appellant, through counsel, intermixes both Appellant's defense to the initial complaint and her new claims in her purported counterclaim indiscriminately. However, as stated above, we must separate these for purposes of our review.
 {¶ 8} Beginning with Appellant's premise, we will first discuss the trial court's decision to grant the Association summary judgment on the underlying complaint.
 {¶ 9} The party requesting summary judgment must satisfy a three-part test. The Association has the burden to prove:
 {¶ 10} "(1) that no genuine issue as to any material fact exists, (2) that [it] is entitled to judgment as a matter of law, and (3) that the evidence, when construed most strongly against [it], permits only a decision in [its] favor." State ex rel.Morley v. Lordi (1995), 72 Ohio St.3d 510, 513, 651 N.E.2d 937, citing Civ.R.56(C).
 {¶ 11} However, the, "moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specificallypoint to some evidence of the type listed in Civ.R. 56(C) whichaffirmatively demonstrates that the nonmoving party has noevidence to support the nonmoving party's claims." (Emphasis in original.) Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 145, 677 N.E.2d 308.
 {¶ 12} A party who fails to file a motion in opposition to an opposing party's motion for summary judgment, "may not raise issues on appeal that should have been raised in response to the motion for summary judgment." Abram v. Greater ClevelandRegional Transit Auth., 8th Dist. No. 80127, 2002-Ohio-2622, at ¶ 53, citing Thompson v. Ghee (2000), 139 Ohio App.3d 195, 199,743 N.E.2d 459. Further, a court of appeal's de novo review of a grant of summary judgment is limited to the record before the trial court on the date that summary judgment was granted. Id.;Walter v. AlliedSignal, Inc. (1999), 131 Ohio App.3d 253, 258,722 N.E.2d 164.
 {¶ 13} The Association correctly points out that the exhibits attached to Appellant's answer and counterclaim are not evidence. "The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." Skidmore Assoc. Co. v. Southerland (1993),89 Ohio App.3d 177, 179, 623 N.E.2d 1259.
 {¶ 14} Therefore, this Court's review is limited to the parties' pleadings, Appellant's deposition testimony, and their briefs on appeal. That said, we must also note that the Association sought summary judgment as to Appellant's counterclaim, which was ultimately dismissed. They did not specifically seek the summary judgment they received; that is, as to their complaint. This may explain, in part, the state of the record before us.
 {¶ 15} We can glean the following from Appellant's deposition testimony:
 {¶ 16} Appellant purchased, on land-contract, Unit E located at 46103 New England Square, New Waterford, Ohio. The purchase was made from the original owner through a realtor. The unit is a second floor walk-up condominium above several carports, which is a common area. Appellant began residing in this condominium some time in May of 1994. Appellant moved out of the unit in early 1998, allegedly as a result of several problems with the property. Some of the problems Appellant claims exist are that the entrance walkway to her unit is constructed of plywood, which was slippery and constituted a hazard; that as a result of constantly bursting pipes, mold grew on her walkway and in her unit and that this complicated her breathing problems and created health risks; and that the steps to her unit were bowed, which she believes contributed to some falls she took on the property.
 {¶ 17} Appellant has resided with her fiancé since 1998. She has not attempted to sell or rent the property since moving out in 1998 and she alleges she cannot due to all of the maintenance/repair problems.
 {¶ 18} Appellant admitted in deposition that she has not paid maintenance or insurance fees since July of 2000. (Depo. p. 44.)
 {¶ 19} Civ.R.56(C) regarding summary judgment is explicit. It states:
 {¶ 20} "A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 21} All four of Appellant's asserted errors can loosely be grouped into the general statement that the Association should not have been granted summary judgment since genuine issues of material fact exist.
 {¶ 22} As previously indicated, Appellant testified that she stopped paying the Association dues and fees. However, she also testified that she did so based on the Association's repeated failures to repair and/or maintain common areas. (Depo. p. 44.) The Association did not provide any evidence to contradict Appellant's testimony that her unit's common areas were in need of repairs. The Association likewise does not point to any evidence establishing that Appellant does not have the right to withhold dues and fees. Neither party produced at summary judgment a copy of the Association agreement or its bylaws. Thus, we are left to ponder, as was the trial court, whether and to what extent these control Appellant's obligations to pay and Appellee's duties in regard to maintenance of the property.
 {¶ 23} Appellant's undisputed deposition testimony must be considered true for summary judgment purposes. Plikerd v.Mongeluzzo (1992), 73 Ohio App.3d 115, 121, 596 N.E.2d 601. Thus, in construing the evidence in Appellant's favor, and based on her testimony, we must assume for this purpose that the common areas near Appellant's unit are in need of repairs. Upon reviewing Appellant's deposition testimony in its entirety in conjunction with the parties' briefs, it is not clear that reasonable minds can come to only one conclusion in the instant matter. Appellant's deposition testimony creates a genuine issue of material fact as to the Association's alleged lack of repairs of the common areas and the resulting problems she alleges occurred as a result of this failure. We have no evidence before us which shows she is not entitled to withhold payment based on this failure. As such, the Association has failed to establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.
 {¶ 24} The party moving for summary judgment, i.e. the Association, must demonstrate evidence to establish that the opposing party cannot prove her claims. Kulch,78 Ohio St.3d 134, 145, 677 N.E.2d 308. The moving party cannot simply make a conclusory assertion that the opposing party has no evidence. Id. While the Association addresses what appears to be the applicable law, it has failed to provide the evidentiary support required to prevail on summary judgment.
 {¶ 25} Again, this lack of evidentiary material as to the rights and duties of the parties may be explained in that the Association did not seek summary judgment on its complaint directly. Instead, the Association sought summary judgment as to Appellant's counterclaim. However, the trial court chose to dismiss the counterclaim. While both parties argue the law regarding summary judgment and apply it to this dismissal, the standards used by the trial court, and thus by this Court in review, are different.
 {¶ 26} As for Appellant's counterclaim, it is not clear what causes of action Appellant is actually pursuing. To say that this filing is inarticulate is an understatement. Appellant lists ten sections of the Ohio Revised Code in her counterclaim. Her counterclaim mentions R.C. 5311.14, which provides that a condominium association has a duty to promptly repair and maintain the common areas, unless otherwise provided in the declaration of condominium ownership. However, we must again state that neither party referenced or provided a copy of the declaration of condominium ownership in the instant matter.
{¶ 27} Notwithstanding, Appellant's counterclaim must first sufficiently state a claim for which relief can be granted. Pursuant to Civ.R. 12(B)(6), a court attempting to determine whether a claim can survive dismissal must examine only the allegations in a complaint and assume the allegations to be true. A complaint should be dismissed for its failure to state a claim only if no set of facts exists which would entitle the claimant to relief under the allegations of her complaint. Civ.R. 12(B)(6); O'Brien v. Univ. Community Tenants Union, Inc.
(1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.
{¶ 28} With these standards in mind, and in reviewing Appellant's counterclaim, the only asserted claim which withstands such scrutiny is her allegation as to the Association's alleged breach of contract. The only coherent request for relief in her counterclaim seeks a return of her previously paid condominium association dues and insurance fees, plus interest. She alleges that she is entitled to a refund of said fees as a result of the Association's failure to provide the requisite maintenance and repairs. These allegations adequately state a cognizable claim for relief.
 {¶ 29} While the Association's motion for summary judgment is replete with arguments contra to Appellant's counterclaim, the Association does not present even one argument as to her alleged failure to state a claim for relief. Again, the trial court chose to dismiss her counterclaim, not grant the Association summary judgment as to the counterclaim. Appellant's admission that she did not pay the requisite fees is insufficient to dismiss her counterclaim in light of her allegations within the counterclaim that her nonpayment was a result of the inadequate repairs and maintenance of the common areas.
 {¶ 30} However, as to the rest of Appellant's counterclaim, we cannot find within it a coherent claim upon which relief could be granted, because much of the counterclaim is filled with accusations against other parties. Not only are the allegations as to third-party defendants jumbled together and mixed in with the claims against the Association, but Appellant's request for relief is directed solely against the Association. As earlier stated, the third-party defendants were earlier dismissed. Therefore, all of the other allegations within the counterclaim but for the allegations against the Association for failure to repair or maintain were properly dismissed.
 {¶ 31} Based on the foregoing, the record reflects that genuine issues of material fact exist as to the Association's complaint, at least sufficient to withstand summary judgment. Further, while dismissal of most of Appellant's counterclaim was proper, dismissal of the counterclaim against the Association for failure to maintain/repair the premises was in error. The decision of the trial court is reversed in part and affirmed in part and this cause is remanded for further proceedings according to law and consistent with this Court's Opinion.
Donofrio and DeGenaro, JJ., concur.