OPINION AND JOURNAL ENTRY
This action commenced when pro-se Relator filed a complaint for writ of mandamus seeking an order to compel Judge Robert C. Roberts of the Columbiana County Municipal Court to alternatively order production of a certain transcript from the Court Reporter at public expense, or to comply with App.R. 9(C) or (D) by signing an "Agreed Statement" she submitted to him for approval. Judge Roberts declined to sign the "Agreed Statement" since it had not been submitted to opposing counsel and a transcript of trial proceedings was available and necessary to fully present the issues on appeal.
On November 9, 2005 a successor judge, Carol A. Robb, along with Clerk of Courts Anthony J. Dattilio filed a motion for summary judgment, arguing that the complaint is statutorily deficient, that Relator fails to meet the elements needed to have a writ issued and that Relator's failure to establish her indigency by affidavit is cause for this Court to dismiss the complaint since Relator has not demonstrated that the transcript is otherwise unavailable.
Relator has filed a "Motion in Opposition to Motion for Summary Judgment" and the matter now comes on for determination by this Court.
 CASE HISTORY
As this is the second mandamus complaint filed by Relator seeking the same relief a brief history of the underlying civil action and prior mandamus proceeding is instructive.
On June 24, 2004 Judge Roberts entered judgment in the amount of $2,759.37 in favor of the New England Square Condominium Association against Relator herein for property owners' association dues and insurance fees plus late charges and interest. Relator had counterclaimed arguing that the property owners association had failed to properly maintain and repair condominium property. Trial on the complaint and counterclaim was conducted before Judge Roberts, who entered the ruling stated above. Relator then appealed under Case 04-CO-40, captioned NewEngland Square Condominiums Association v. Veronica Blake, which remains pending as an active appeal before this Court. The docket record for that case shows that although Relator filed a hand-written appellant's brief it contained many factual references not supported by either a transcript of proceedings or approved statement of evidence. Appellees filed a motion to strike appellant's brief. Appellant then filed what she called an "Agreed Statement as the Record on Appeal". After appellees filed a motion to strike the brief this Court issued an order granting appellant an opportunity to comply with the applicable appellate rules regarding an alternative statement of evidence. (App.R. 9[C] or [D]). There was then filed a notice that Judge Roberts (trial judge) declined approval of appellant's "agreed statement as the record on appeal." (Order issued 01/25/05 in Case No. 2001CVI949N).
On March 14, 2005 this Court granted appellant in Case No. 04-CO-40 thirty (30) days to prosecute the appeal in accordance with the appellate rules or it would be dismissed. The response was an original action in mandamus filed by appellant (Relator herein) to compel production of a transcript of proceedings or statement of evidence for use in her appeal. That original action was assigned Case No. 05-CO-17, captioned Blake v. Roberts,Judge. This Court dismissed that action on August 22, 2005, for noncompliance with a statutory requirement that the action be brought "in the name of the state on the relation of the person applying." A motion for relief from the judgment of this Court was overruled on September 23, 2005.
Relator then filed the instant action in mandamus. Respondent Judge Carol A. Robb succeeded Judge Roberts and has been substituted as a party Respondent. Respondents have filed a motion for summary judgment and Relator filed a motion in opposition. The matter is now ripe for determination of the motion for summary judgment.
 LAW
Relator asserts a right to an approved statement of evidence for use in her direct appeal in Case No. 04-CO-40.
The Ohio Supreme Court stated in State ex rel. Motley v.Capers (1986), 23 Ohio St.3d 56, 491 N.E.2d 311:
"The narrative statement provided for in App.R. 9(C) is an available, reliable alternative to an appellant to bear the cost of a transcript. Thus, in order to preserve an indigent appellant's right to appeal under Ohio law, we will not limit the use of App.R. 9(C) narrative statements to only those cases where a transcript is physically unavailable. Rather we find that a transcript is unavailable for the purposes of App.R. 9(C) to an indigent appellant unable to bear the cost of providing a transcript."
The Capers decision was a departure from the Supreme Court's earlier position as stated in State ex rel. Corona v. Harris,Judge (1980), 63 Ohio St.2d 95, 406 N.E.2d 1120. The Corona
court held:
"Until it is clearly established that no verbatim transcript can be provided, appellee has no clear legal duty to sign and settle the narrative statement."
In declining to approve the proposed "Agreed Statement" submitted by Relator herein the trial court stated:
"The Court finds that neither the Plaintiff (Appellee), New England Square Condominium Association, nor its counsel, have agreed to the `Agreed Statement' prepared and submitted by Defendant (Appellant). Further, the Court finds that a transcript of the complete proceedings at trial is available and is necessary in order to present fully the issues raised on appeal. Accordingly, the Court declines to approve the above referenced `Agreed Statement as the Record on Appeal'." (1/25/05 J/E in Case No. 01CVI949N)
In support of their motion for summary judgment Respondents argue that the complaint filed is not a petition as required by R.C. 2731.04, that Relator had an adequate legal remedy by appeal of the January 25, 2005 judgment, that the proposed agreed statement was never submitted to opposing counsel as required by the rules and that there was no proof of indigency submitted to the trial court when asked to approve the proposed statement of evidence. Attached to the motion as Exhibit "C" is an affidavit of Judge Carol A. Robb attesting to the fact no affidavit of indigency or document indicating an agreement as to the "Agreed Statement" had been filed by Veronica Blake. As resolution of the issue presented can be accomplished by a discussion of the requirement of Relator to establish her indigency and the need to submit the proposed statement to opposing counsel, this opinion will be limited to those requirements.
The procedure for obtaining an Agreed Statement of Evidence or alternative Statement of Evidence is prescribed by Rules 9(C) and (D) of the Ohio Rules of Appellate Procedure:
"(C) If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.
"(D) Agreed statement as the record on appeal. In lieu of the record on appeal as defined in division (A) of this rule, the parties, no later than ten days prior to the time for transmission of the record pursuant to App.R. 10, may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with additions as the trial court may consider necessary to present fully the issues raised by the appeal, shall be approved by the trial court prior to the time for transmission of the record pursuant to App.R. 10 and shall then be certified to the court of appeals as the record on appeal and transmitted to the court of appeals by the clerk of the trial court within the time provided by App.R. 10."
In this case Relator asserts that she is entitled to a writ of mandamus to compel the trial court to approve a statement of evidence for use in her direct appeal. In order to be entitled to a writ of mandamus a plaintiff must establish a clear legal right to the requested relief, a clear legal duty on the part of the defendant to provide such relief and the lack of an adequate remedy in the ordinary course of law. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 1996-Ohio-211. The burden is on the plaintiff to establish the elements to obtain the writ.State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33,656 N.E.2d 332.
In this case there is no question that Relator may have a conditional right to a statement of evidence in lieu of a verbatim transcript of proceedings. But the Relator must first demonstrate indigency and that Relator has complied with the applicable appellate rule in order to obtain a statement of evidence in lieu of a verbatim transcript of proceedings.
Respondents have attached an affidavit of Judge Robb averring that Relator did not file an affidavit of indigency at the time she sought approval of her "Agreed Statement" from the trial court. (Exhibit C attached to the Respondents' Motion for Summary Judgment). Relator has not refuted this deficiency other than an unsupported statement from Relator in her "Motion in Opposition" that she is indigent. She has not submitted an affidavit or other acceptable evidence proving her indigency status.
Absent proof of indigency, Relator has failed to establish a necessary prong demonstrating a clear legal right to the relief requested. The aforementioned Capers case stands for the proposition that an alternative statement can be used when a party is proven to be indigent. The record for this case has no such evidence of a type permitted under Civ.R. 56.
Secondly, App.R. 9(C) and (D) both require a party to submit the proposed statement of evidence to the opposing party prior to review by a trial court. Respondents argue that was not done in this case. Moreover, the proposed "Agreed Statement" itself contains no certification that service of a copy of the statement itself was given to opposing counsel. Again, Relator does not refute this clear omission required by rule.
Respondent has presented sufficient evidence permitted by Civ.R. 56 to demonstrate that Relator has not complied with App.R. 9 by submitting the proposed statement of evidence to the opposing party prior to submission to the trial court for approval. Furthermore, Relator has not established her indigency in this case so as to warrant use of an alternative statement of evidence in lieu of a verbatim transcript of proceedings.
A similar fact pattern in refusing to approve a submitted statement of evidence occurred in State ex rel. Johnson v.Hunter (1992), 64 Ohio St.3d 243. The court ruled as follows:
"We hold that appellee performed her duty under App.R. 9(C) to act on the statement of evidence by refusing to settle or approve it, which was clearly shown by the complaint, and that appellant's action in mandamus is but a contrived effort to control appellee's discretion in violation of R.C. 2731.03."
In like manner, we will not permit Relator to use an action in mandamus to control the discretion of a trial court to refuse to approve a proposed statement of evidence. Relator is not foreclosed from obtaining a statement of evidence in lieu of a transcript of proceedings. She simply must follow the dictates of App.R. 9(C) or (D). For these reasons the Respondents' motion for summary judgment is granted and this complaint is dismissed. Costs of this proceeding are taxed against Relator.
Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, P.J., concurs Vukovich, J., concurs Waite, J., concurs.