[Cite as *Blake v. Home S. & L. Co.*, 2010-Ohio-2689.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| VERONICA BLAKE, | ) | |
| | ) | CASE NO. 09 CO 14 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| HOME SAVINGS & LOAN AND | ) | |
| NEW ENGLAND SQUARE BOARD | ) | |
| OFFICERS, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas
                              Court, Columbiana County,
                              Case No. 08 CV 353.


JUDGMENT:                      Affirmed.


APPEARANCES:
For Plaintiff-Appellant:        Veronica Blake, Pro-se
                              506 North Market Street
                              East Palestine, OH  44413


For Defendants-Appellees:       Attorney Thomas M. Gasce
                              275 Federal Plaza West
                              Youngstown, OH  44503


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


                              Dated:  June 3, 2010

DeGenaro, J.

{¶1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Pro-se Appellant, Veronica A. Blake appeals the May 26, 2009 summary judgment decision of the Columbiana County Court of Common Pleas regarding Blake's action against Home Savings & Loan Co., and New England Square Condominium Association, and Home Savings' counterclaim against Blake and third party defendants Richard E. Whitley, Heritage Title Agency, Inc., and Columbiana County Treasurer. The trial court's decision denied Blake's motion for summary judgment, granted Appellee Home Savings' motion for summary judgment, dismissed Blake's complaint, found Blake and Whitley in default on their promissory note, and ordered a foreclosure on Blake's mortgage.

{¶2} Blake's claims against all parties, as well as her defenses against Home Savings' counterclaim, were predicated on her allegation that she did not have valid title to her condominium property. On appeal, Blake argues that the trial court erred in finding that her property was not originally and irrevocably dedicated to public use by the original developer, Sitler Construction, Inc. Blake also argues that the trial court erroneously found that Blake owned her property in fee simple, because there was an encumbrance on her property. Finally, Blake argues that the trial court should not have granted Home Savings' foreclosure via summary judgment, because Blake presented an issue of material fact regarding the validity of her title to the property, and therefore regarding the validity of the mortgage.

{¶3} The partial documentation of plats and declarations provided by Blake in the proceedings below do not indicate that her property or the lot on which it is located was ever dedicated by Sitler for public use. The parking area for other condominium units, which allegedly constitutes an encumbrance on Blake's property, is not part of Blake's property. Blake did not present any evidence that undermined the validity of her title to the mortgaged property, or the validity of her mortgage agreement with Home Savings. Thus there did not remain any genuine issue of material fact regarding Blake's obligation

on her mortgage, and the trial court did not err in granting summary judgment in favor of Home Savings and dismissing Blake's claims. Accordingly, the trial court's decision is affirmed.

## Facts and Procedural History

{¶4} On March 27, 2008, Blake filed a "Default/Foreclosure Special Defenses" against Home Savings and New England Square Condominium Association Board Officers. Blake stated that her filing was in response to a default notice sent by Home Savings. On a case designation form, Blake indicated "foreclosure" and "breach of contract." The trial court accepted Blake's filing and considered it to be a complaint. Blake asked that the trial court declare her mortgage contract with Home Savings to be void, and order Home Savings to refund all costs incurred in Blake's purchase and mortgage of the property. Blake also asked that the Condominium Board be ordered to compensate Blake for maintenance fees and insurance costs due to faulty repairs.

{¶5} Blake claims that her title to the condominium and her mortgage agreement are void because her condominium was built above a carport which provided parking for other condominium units, which means that her property actually belongs to the other units. Blake alternatively claims that the documentation required for the construction and initial conveyance of her condominium contained legally insufficient or contradictory descriptions, and concludes that the documentation problems prevented the property from being legally considered a condominium, rendering her title unmarketable. The complaint further claims that the original description of the development did not include Blake's condominium, and that her condominium was constructed without obtaining a certificate of occupancy, and seems to conclude that Home Savings could not collect mortgage payments as a result.

{¶6} The New England Square condominium development was proposed by Sitler Construction and approved by the New Waterford Village Counsel and Columbiana County Board of Health on May 12, 1981. On September 20, 1983, Sitler filed a restated declaration of the development, which included Blake's condominium, Unit 46103 E. Patricia Wolfgang Coonce and Clarence Coonce were the owners of Unit 46103 E until

1994, when they entered into a land contract with Blake. The Coonces provided a general warranty deed to Blake on May 7, 1999. Blake entered into a mortgage agreement with Home Savings on May 13, 1999 and both instruments were recorded on May 14, 1999. Blake and Whitely were both signatories on the promissory note with Home Savings. Heritage Title Agency, Inc., as an agent of Ticor Title Insurance, provided a title guaranty policy for Blake's condominium.

{¶7} Blake's complaint included a partial copy of the New England Square Condominium Plat, which explains that each condominium unit has a living area, including an outside deck, as well as an attached carport or detached garage, depending on the unit model. Blake's condominium Unit E is a second floor unit. On the ground level, below Blake's condominium Unit E, there are parking spaces designated as "detached garages" for condominium Units A-D, and an attached "carport" for parking for Unit E. Blake was erroneously charged property taxes for the entire parking area below her condominium for some time, which was later corrected by the county auditor and deemed to have been a scrivener's error. It appears that Blake filed a claim with Heritage Title regarding the county auditor's mistake, which Heritage Title denied.

{¶8} After being granted leave to plead, Home Savings filed its answer and the Condominium Board filed an answer and a motion to dismiss or strike, noting that the trial court had already addressed Blake's claims against the Condominium Board, and that the Court of Appeals had affirmed the decision in *New England Square Condominiums Assn. v. Blake*, 7th Dist. No. 04-CO-40, 2008-Ohio-3247. On July 21, 2008, the trial court filed a judgment entry dismissing Blake's claim against the Condominium Board. Blake did not appeal this decision.

{¶9} After receiving leave from the trial court, Home Savings filed an amended answer and counterclaim naming Richard E. Whitely (Blake's boyfriend), the Columbiana County Treasurer, and Heritage Title as third party defendants. Home Savings asserted that Blake and Whitely executed and delivered a promissory note to Home Savings which is in default in the amount of $14,201.17 plus interest as of May 31, 2007, and that Blake executed and delivered a mortgage deed to Home Savings, which is a valid lien on the

property. Accordingly, Home Savings sought judgment on the note against Blake and Whitely and foreclosure of the mortgage. Home Savings also asserted that Heritage Title had issued a title guarantee to Home Savings and Blake, and would be responsible for any success of Blake's claim against Home Savings regarding the invalidity of her title to the property. Heritage Title, the Columbiana County Treasurer and Whitely filed answers. Blake filed an answer to Home Savings' amended answer and counterclaim.

{¶10} Subsequent to various discovery motions and filings which are not pertinent to this appeal, the trial court filed a judgment entry on March 13, 2009, setting summary judgment motion and response deadlines. Both Blake and Home Savings timely filed motions and responses.

{¶11} Blake argued in her motion for summary judgment that Sitler Construction's public use dedication caused Blake's title to the condominium to be void, and that Home Savings should have known of the title infirmity because Home Savings was the lender involved with Sitler Construction during the development of the property in the 1980's. Blake concluded that Home Savings was liable for fraudulent misrepresentation, breach of warranty of title, and breach of contract, and that Home Savings' mortgage lien was unenforceable. Blake also concluded that Heritage Title was liable for breach of contract for failure to pay Blake's claim, that the Columbiana County Treasurer was obligated to return all property taxes paid by Blake, and that the Condominium Association was obligated to return all maintenance and insurance fees paid on the property.

{¶12} Heritage Title responded to Blake's motion for summary judgment, asserting that no map indicates the property at issue was ever dedicated to public use. Heritage Title noted that the property was designated for parking, which remained private property. Blake filed a response to Heritage Title's response, apparently arguing that the parking area must be considered public, or else non-owners of the properties would not ever be permitted to park their cars there.

{¶13} Home Savings argued in its motion for summary judgment that there is no evidence indicating that Blake does not own valid and marketable title to the property, and that all parties agree Blake has not made any payments towards her mortgage loan for

approximately two years. Home Savings asserted that Blake failed to deny any of the allegations Home Savings made in its counterclaim for foreclosure. Home Savings asserted that no plat or other representation of the development ever dedicated the parking area to public use. Blake responded, arguing that the 1981 plat's "parking" designation is absolute proof of a public use dedication, and that Home Savings and Heritage Title were liable for failure to discover the defect in Blake's title.

{¶14} Home Savings filed a response to Blake's motion for summary judgment, asserting that Blake had purchased the property from Coonce, Blake purchased a title guaranty from Heritage Title, and presented such documents to Home Savings, warranting that Blake had valid title, in order to secure a note and mortgage on the property. Home Savings further argued that Blake failed to name certain indispensable parties, the seller and transferor of title, Coonce, and the original proprietor and recorder of the plat, Sitler Construction, as parties to the action.

{¶15} On May 26, 2009, the trial court filed a judgment entry granting Home Saving's motion for summary judgment, denying Blake's motion for summary judgment, and dismissing Blake's complaint. The trial court found that Blake was the record owner of the property, her arguments regarding platting did not invalidate her ownership of the property, she had the ability to mortgage the property as security for her note with Home Savings, she was in default on the mortgage, and Home Savings was entitled to foreclosure of the mortgage.

{¶16} On May 27, 2009, Blake filed a motion for reconsideration, which the trial court denied. On June 1, 2009, Blake filed a notice of appeal. Blake also filed a motion to stay with both this court and the trial court. The trial court denied Blake's motion on June 25, 2009. On July 13, 2009, this court allowed a stay of the trial court's judgment provided that Blake post a $20,000 bond. Blake objected to this court's bond requirement and argued that it violated her right to due process. Blake filed an appeal of this court's bond requirement, over which the Ohio Supreme Court declined jurisdiction on March 3, 2010.

{¶17} Additionally, after filing her merits brief on June 18, 2009, Blake filed an

addendum to her first assignment of error on July 1, 2009, and an addendum to her second assignment of error on July 24, 2009. This court accepted both additions to Blake's brief.

## Standard of Review

{¶18} The trial court disposed of all of Blake's claims and defenses through summary judgment. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, at ¶10. Only the substantive law applicable to a case will identify what constitutes a material issue, and only the disagreements "over facts that might affect the outcome of the suit under the governing law" will prevent summary judgment. *Byrd* at ¶12, quoting *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202. An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, at ¶5.

## Dedication to Public Use

{¶19} In her first of three assignments of error, Blake asserts:

{¶20} "The Trial Court was in error in the determination that the subject area was not dedicated to public use, using an inconsistent, unapproved Final Plat, that was not in compliance with requirements set forth in Ohio Revised Code 711.01-711.40 and governing rules as they relate to platting."

{¶21} Blake argues that the 1981 plat for the condominium development indicated that the lot at issue was originally designated only for parking, and accordingly constituted a conveyance to the Village of New Waterford as a street or other public use. Blake further argues that the public use designation could not have been rescinded in subsequent plans which depicted the lot as being developed to include both parking and

additional condominiums. Blake's arguments regarding public dedication are meritless.

**{¶22}** Property may be dedicated to public use by statute or according to the rules of common law. *State ex rel. Bedard v. Lockbourne* (1990), 69 Ohio App.3d 452, 456, 590 N.E.2d 1327, citing *Lessee of Fulton v. Mehrenfeld* (1858), 8 Ohio St. 440.

**{¶23}** Chapter 711 of the Revised Code explains the statutory process for platting and developing a proposed subdivision. *Eggert v. Puleo* (1993), 67 Ohio St.3d 78, 80, 616 N.E.2d 195. In order to show that certain property within a subdivision has been dedicated to public use, the owner of the subdivision property must describe "with certainty all grounds laid out or granted for streets, alleys, ways, commons, or other public uses" in the plat that the owner must prepare and record in the office of the county recorder. R.C. 711.06. The recorded plat itself may constitute a conveyance of the public dedication. R.C. 711.11. A statutory dedication of land for public use "can be effected only by strict compliance with the terms of [R.C.] 711.06." *City of Steubenville ex rel. Blackburn v. Targoss* (1965), 3 Ohio App.2d 21, 25, 209 N.E.2d 486. A description of any areas to be dedicated for public use must be accurate and certain in order to be valid. Id.

**{¶24}** In order to show that certain property has been dedicated to public use under a common law analysis, the following three elements are required: "(1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act, to make such dedication; and (3) the acceptance of such offer by or on behalf of the public." *City of Vermillion v. Dickason* (1976), 53 Ohio App.2d 138, 140-141, 7 O.O.3d 98, 372 N.E.2d 608, citing *Doud v. Cincinnati* (1949), 152 Ohio St. 132, 39 O.O. 441, 87 N.E.2d 243 and *Abraham v. Cincinnati* (1903), 13 Ohio Dec. 619. A property owner's intent to dedicate certain property for public use "must be established by clear evidence." *Hoskinson v. Lambert*, 182 Ohio App.3d 527, 2009-Ohio-2564, 913 N.E.2d 1001, at ¶30, quoting *Mentor Lagoons v. Wyant* (1957), 166 Ohio St. 169, 171, 1 O.O.2d 458, 140 N.E.2d 788.

**{¶25}** Under either body of law, the intent to dedicate property for public use must be proven by clear evidence. Here, the disputed property is next to a street named New

England Square. The 1981 plat includes a dedication statement by Sitler Construction, stating that they "do hereby dedicate New England Square shown hereon to public use forever." The disputed property is depicted in the plat as a separate lot entitled "parking," with a property line separating the lot from New England Square. Such demarcation indicates no intent by Sitler Construction to convey title of the property to the Village of New Waterford. Cf. *Hoskinson*, supra, at ¶33 (finding the intent to dedicate because the disputed lot was not a separate lot and had no property line dividing the lot from the dedicated street). Instead, such demarcation indicates the intent of Sitler Construction to retain the parcel for private use. Sitler's private ownership of the property allowed it to indicate initially that the property would be used for parking, and in later plans for both parking and additional development. Blake's evidence therefore provided no indication that Sitler Construction originally dedicated the lot containing her condominium for public use.

{¶26} In her addendum to her first assignment of error, Blake argues in the alternative that the parking lot designation on the plat could not have later been amended to include both parking spaces and additional condominiums, because such use of the land would exceed the allowable number of dwelling units on the lot. Blake argues that each parking space designated for a condo constitutes a separate unit, and thus that the twelve parking spaces for condos on adjoining lots, along with the two condominiums on the lot, constitute fourteen units on the lot.

{¶27} Blake is mistaken. As she concedes in her second assignment of error below, the parking spaces are non-contiguous portions of the other condominium owners' property, and not separate units of property. Moreover, because property must be intended for use as a dwelling in order for it to be considered a dwelling unit, a parking space clearly cannot be considered a dwelling unit. Thus her argument that the parking spaces and condominiums constitute fourteen dwelling units must fail.

{¶28} Given the foregoing, Blake failed to provide any valid proof or valid argument that her title to the condominium property was invalid, and the trial court did not err in dismissing the claim via summary judgment. Blake's first assignment of error is

meritless.

## Zoning Violations and Encumbrances

{¶29} In her second of three assignments of error, Blake asserts:

{¶30} "The Trial court was in error to determine Plaintiff/Appellant is in fact the record title holder of her condominium in fee simple based on a Title Guarantee Company, that did not list the Statutory Dedication Plat Vol.12, page 48, and claim denial letters from same, conducted a defense to shift liability from the insurer to policy holder (ie a corrected scriveners error, it is common area, to an appurtenance) so as to avoid a covered identifiable loss."

{¶31} Blake argues that because the parking spaces below her condominium constitute an accessory use for other condominium owners, and because Blake's condominium is a dwelling unit in no way associated with the accessory use, both her condominium and the parking below constitute an "illegal accessory dwelling unit." Blake argues that the illegality of the accessory dwelling unit causes her property to violate the zoning ordinance, and therefore renders her title invalid.

{¶32} Blake first claims that the trial court erred in summarily dismissing her claim against Heritage Title for denying her insurance claim. However Heritage Title was joined by Home Savings as a third party defendant to indemnify Home Savings for Blake's claims against Home Savings in the event that Blake was successful. Blake did not bring a claim for breach of contract against Heritage Title for denying her insurance claim. Although Blake may have alluded to such an action in a number of her motions, Blake did not amend her complaint pursuant to Civ.R. 15 to include a breach of contract action against Heritage Title. Thus, Blake cannot raise the issue of Heritage Title's alleged breach of contract in this appeal.

{¶33} Second, Blake argues in her addendum to this assignment of error that the trial court erred in dismissing her claim against Home Savings. Blake's argument fails for a number of reasons, the simplest of which is that Blake's condominium Unit E and the carport for Unit E are separate property from the "detached garage" parking areas for Units A-D. As Blake noted in her brief, the trial court took judicial notice of a prior case

involving Blake, where this court noted that the parking area for the other condominium units constituted separate property from Blake's condominium. *New England Square Condominiums Assn. v. Blake*, 7th Dist. No. 04-CO-40, 2008-Ohio-3247. See, also, *New England Square Condominium Assn. v. Blake*, 7th Dist. No. 02 CO 64, 2004-Ohio-1551. The mere fact that separate properties abut one another does not support an argument that the separate properties constitute some sort of combined illegal use. Because Blake's condominium unit and the parking property for Units A-D are separate parcels of property, they cannot together be considered an "illegal accessory dwelling unit."

{¶34} Thirdly, in Blake's addendum to this assignment of error, she reasserts her argument regarding the public dedication of the parking area. Because this argument failed in Blake's first assignment of error, it is likewise meritless here.

{¶35} Finally, Blake argues in her addendum that the parking property below her condominium constituted a "restrictive servitude easement" on her property, rendering her title unmarketable. An easement is a right to use property owned by someone else. *Alban v. R.K. Co.* (1968), 15 Ohio St.2d 229, 231-232, 44 O.O.2d 198, 239 N.E.2d 22. In order for another's use of the parking property to be considered an encumbrance on Blake's title, Blake must actually own the parking property. Again, as Blake herself has acknowledged, the parking areas are separately owned property. Because Blake is not the owner of the parking property for condominium Units A-D, the use of that property cannot be considered an encumbrance on the property actually owned by Blake.

{¶36} Blake has failed to provide any proof or valid argument that her title to the condominium property was invalid due to alleged zoning violations or easements. The trial court therefore did not err in dismissing such claims via summary judgment. Blake's second assignment of error is meritless.

## Summary Judgment

{¶37} In her third assignment of error, Blake asserts:

{¶38} "Trial Court was in error to grant summary judgment to Home Savings & Loan Co., where evidence did not support that conclusion as a matter of law, and to dismiss other claims of Veronica A. Blake as moot was improper pursuant to Civ.R. 56(c)

summary judgment is improper when genuine issues as to any material fact remains to be litigated."

**{¶39}** Blake contends that her presentation of the invalid-title argument created a genuine issue of material fact regarding her claims and Home Savings' foreclosure counterclaim. When moving for summary judgment, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt,* 75 Ohio St.3d 280, 296, 1996-Ohio-107, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. Id. at 293.

**{¶40}** In support of its claim, Home Savings provided evidence of a promissory note for $24,000 signed by Blake and Whitely, a mortgage agreement for the condominium signed by Blake, nonpayment on the note as of June 4, 2007, and an outstanding balance due on the note totaling $14,201.17 as of May 31, 2007 plus 6.75% interest, late charges, and other costs. The promissory note and mortgage agreement include an agreement that Home Savings has the right to accelerate the loan in the event of default by Blake and adequate notice by Home Savings, and the right to foreclose on the mortgage if Blake fails to cure the default within a specified time not less than thirty days. Blake's March 27, 2008 complaint indicates that she brought her action in response to a default notice provided by Home Savings, and the allegations of both parties indicate that Blake has not made any attempt to cure the default. Thus Home Savings met its *Dresher* burden and was entitled to acceleration and foreclosure.

**{¶41}** Because Home Savings met its burden, Blake was obligated to present competent evidence to create a genuine issue of material fact to refute Home Savings' allegations. Blake did not deny or dispute any of the specific evidence provided by Home Savings, and relied solely on her invalid title argument as a defense to Home Savings' counterclaim. Based on the analysis in the first two assignments of error, Blake did not provide any evidence to successfully support her allegation of invalid title. Thus Blake did not meet her reciprocal burden under *Dresher*. For the same reason, Blake did not

demonstrate a genuine issue of material fact as to the validity of her own claims. Thus, Blake's third assignment of error is meritless.

{¶42} There were no genuine issues of material fact regarding Home Savings' right to foreclosure, or the invalidity of Blake's claims and defenses regarding invalidity of title to the mortgaged property. The trial court did not err in granting summary judgment in favor of Home Savings and dismissing Blake's complaint. Accordingly, the judgment of the trial court is affirmed.

Vukovich, P.J., concurs.

Waite, J., concurs.