Rathmell, J.
The plaintiff sues to recover the possession of certain real estate alleged to belong to him, being two narrow strips of land lying east of Summit street originally embraced within Indianola Summit Addition. The defendant denies generally the claims of plaintiff.
It appears that on June 16, 1892, the plaintiff together with nine other persons, lessees under a ninety-nine year lease, and the lessor, all representing the entire interest in the real estate platted 133.182 acres just outside the limits of the city in *34 Clinton township, Franklin county. The plat showed the land divided into several hundred lots bordering on streets and alleys, and the two spaces within Indianola avenue, in controversy here, marked “park.” The plat was acknowledged before a notary public, by the makers, as a true representation of their subdivision, was certified as correct by deputy county surveyor, was approved by the county commissioners, and was filed for record and recorded in plat book 5, p. 140, by the county recorder on. June 27, 1892.
The certification stated that the streets and alleys as set forth on' said pla,t are hereby dedicated to the public use as highways. Lots were sold with reference to the plat and all have been sold.
It is contended by defendant that this constituted a statutory dedication to the public use of the two spaces each marked “park.”
The plaintiff contends that the owners having designated the streets and alleys as dedicated to the public use, the spaces marked “park” were excluded. All statutory requirements, it appears, were conformed to in the matter of platting a subdivision or addition to a municipal corporation. And by force of the statute, G. C. 3589, such a plat or map vested fee simple of all such parcels of land as were therein expressed, named, or intended for public use in the county for the uses and purposes therein named, expressed or intended. This addition was subsequently annexed or incorporated or taken into the city and there is no contention, that any title or right acquired by the countjr did not inure to the city. No omissions of the formalities for a'statutory dedication are pointed out by diligent counsel. in the matter .of platting the land. But counsel for plaintiff contends that the spaces marked “park”'not having been named in the certification of the owners were excluded and not dedicated.
It would appear that the mere failure to designate that the “parks” were thereby dedicated to public use is not conclusive of failure to dedicate, if it should appear that it was the intention of the owners to dedicate them.
*35 Suppose in view of the statute G-. C. 3585, affecting municipalities, the owners had specifically named and designated that the parks so marked were thereby dedicated to the public use, and had made no mention of the streets and alleys, shown on said map as apparently intended for such, would it be contended in the absence of language to the contrary that the streets and alleys so shown would not be dedicated? If hot, then the converse would follow. The language of the statute is that such a plat or map shall be deemed in law a sufficient conveyance to vest the fee simple of all such parcels of land as are therein expressed, named or intended for public use, for the uses and purposes therein named, expressed or intended. So if it can be found that the owners intended the spaces marked “park” for public use, the dedication would follow.
“When the owner of real property lays out a town upon it and divides the land into lots and blocks intersected by streets and alleys and sells any of the lots with reference to such plan; or when he sells with reference to the map of a town or city in which his land is so laid off, he thereby dedicates the streets and alleys to the use of the public, unless it appears either by express statement in the conveyance or otherwise that the mention of the street was solely for purposes of description and not as a dedication thereof. On the same principle the owner .will be held to have dedicated to the public use such pieces of land as are marked on the plat or map as squares, courts or parks.” 13 Cyc., 455.
Doctrine of dedication to public uses is extended and applied to parks and public squares; and the fact of dedication may be established in the same manner as in case of streets. Morrow v. Highland Grove Traction Co., 219 Pa., 619, 624. An intent on the part of the owner to dedicate is essential and such intention can be found in the facts and circumstances of the particular case, manifested by the acts of the land owner.
“Where a plat is made and recorded and lots sold with reference thereto, the requisite intention is generally indisputable. ’ ’ Dillon on Mun. Cor., Section 10795.
*36 “The word ‘park’ written upon a block upon a map of city property indicates a public use; and conveyances made by the owner of the platted land by reference to such map operate conclusively as a dedication of the block.” Price v. Plainfield, 40 N. J. L., 608; Maywood Co. v. Village of Maywood, 118 Ill. 61.
“Where there has been laid out and filed a plat of land as an addition to a city upon which plat a portion of the land is designated as a ‘park’ and there has been a sale of lots in reference to the plat, the dedication of the ‘park’ thus effected is to the public.”
“An irrevocable dedication of land is effected by designating certain land on a map filed in the county recorder’s office as a ‘park’ and selling lots with reference to the map.” Rhode v. Town of Brightwood, 145 Ind., 21.
In Archer v. Salinas City, 93 Cal., 43, it is held:
“The word ‘park’ written upon a block of land designated upon a map of property within the limits of an incorporation city or town, signifies an open space intended for the recreation and enjoyment of the public, and this signification is the same whether the word be used alone or with some qualifying term as ‘Central Park.’ And- in the opinion the court says: ‘The word “park” written upon a block of land designated upon a map is as significant of a dedication and of its use to which the land is dedicated as is the word “street” written upon such map.’ ” See also Steel v. Portland, 23 Oregon, 176; Commonwealth v. Hazen, 207 Pa., 52, 56; Dillon on Municipal Corporations, 5th Ed., 1096.
In Erik v. Ramstad, 31 N. D., 504, reported in L. R. A. 1916 B., 1160, is a well considered and analogous case. There a tract marked “Lincoln Park” was involved in a plat of land indorsed on which was that the owner had caused the same to be platted and hereby donates and dedicates to the public use all the streets and alleys thereon shown. Just as in this case there was no express mention of the “park” and just as in this case lots were, sold with reference to the plat. In that ease it was held: (1) There can be no dedication in the absence of an *37 intent on the part of the owner to dedicate. (2) Such intent, however, is to be ascertained from the acts of the owner and not from the purpose hidden in his mind. (3) When the owner plats his property and sells lots with reference to the plat, he thereby manifests an indisputable intention to dedicate the public places shown on such plat. (4) the word “park” written upon a lot of land designated upon such plat is as significant of a dedication and of the use to which the land is dedicated as is the word “street” written thereon. (5) The ordinary American meaning of a “park” is a piece of ground set apart and maintained for public use, and laid out in such a way as to afford pleasure to the eye as well as opportunity for open air recreations, and the term is not applicable to private inelosures enjoyed by the few to the exclusion of the public.
This was held a statutory dedication and is illustrative of the case at bar.
But it is contended the case of Abraham v. Cincinnati, 13 O.D.(N.P.), 619, is decisive of the question of statutory dedication, and is adverse to such a claim. It is stated as the basis of the ruling in that case that there was no statutory dedication of the park because there was no acknowledgment on the plat designating and intending the park to be dedicated. It is significant that the rule that when the owner plats his property and sells lots with reference to the plat, he thereby manifests an indisputable intention to dedicate the public places shown on such plat not stressed or apparently mentioned. The principle that the express mention of one thing implies the exclusion of another thing like other rules of construction is useful only for the purpose of arriving- at the intent of the parties, and will not be applied if not in harmony with such intent. (Section 17 A. & E. Ency. of Law, p. 25 and cases cited.)
The plat in question set forth the streets and alleys and the spaces marked “park.” If this manifested an intention that they were intended for public use then by force of the statute the plat is deemed a sufficient conveyance to vest the fee of such parcels in the county for the uses and purposes intended.
*38 But if for any reason, the platting of the land by the owner of the Indianola Summit addition was not a statutory dedication, we think by all the requirements of law it was a common law dedication of the spaces marked “park.”
If it was not a grant, dedication to public use was effected or operated by way of estoppel.
The essentials of such a dedication are that the owners must have intended to dedicate the- spaces in question to the public use and an acceptance on the part of the public. (Lessee of Village of Fulton v. Mehrenfield, 8 O. S., 440, 446.) And these may be shown by the acts and declarations of the parties and the surrounding circumstances.
We think it is clear as shown by the proof that this laying out and platting the Indianola Summit addition, dividing it into lots and spaces marked “park” by the owners and selling lots with reference to such plats, in view of the authorities herein-before cited, that the owners thereby manifested an unequivocal intention to dedicate the spaces marked “park” in question to public use, and did so dedicate them. And the city by unequivo. cal acts has manifested an intention to accept the park spaces on behalf of the public. In 1910 the city annexed the territory including these parks to the city. In the same year it changed the name of the street embracing these parks from Indianola to Iuka. Later it curbed and improved this street and took a part of the park space for the street.
In December of 1914 the city, in an action to quiet title against the county auditor, who was attempting to sell these specific parks as forfeited land, asserted its ownership of these parks as trustee for the public. ' And the title was quieted in the city and its right to possession maintained, It is claimed the plaintiff was not a party to this suit. It is nevertheless an unequivocal act on the part of the city of acceptance on the part of the city of the parks for park purposes. And these acts on the part of the municipal authorities were all prior to any revocation on the part of plaintiff sought to be asserted in this action. What is a reasonable time of acceptance necessarily depends on the circumstances of the particular case.
*39 “It may be years before the convenience of the public or those who live upon the adjacent lots requires that they formally be taken in charge by the municipal authorities, and in the absence of acts showing positive intention to revoke on the part of the owner, the right to accept the dedication will usually continue until the wants and convenience of the public require the use'of the dedicated streets.” (Dillon Municipal Corporations, 5th Ed., 1089.)
And 'the same is equally applicable to the formal taking charge of parks by municipal authorities.
In Archer v. Salinas City, supra, thirteen years intervened between the filing of the subdivision and the improvesment or taking possession by the city, but same was held not unreasonable.
It is claimed the fact that the county authorities placed the spaces marked “park” on the tax duplicate indicates they did not regard them as public parks.
It is quite significant that though placed on the tax duplicate neither the plaintiff nor any of his associates ever paid any taxes on these plark spaces. This failure to pay is consistent with and supports the claim that the owners intended them for public parks. However, in said proceeding noted above to quiet title all said taxes were stricken from the tax duplicate; and it has been frequently adjudged that the erroneous action of officials in taxing property alleged to have been dedicated does not estop the municipality from claiming a dedication; and could not impair the rights of the public or confer rights upon the plaintiff. In such ease the assessing officers do not represent the public for the acceptance of dedications. Erik v. Ramstad, 31 N. D., 504, supra; San Leandro v. Le Breton, 72 Cal., 170, 177; Reynolds v. Newton, 14 C. C., 433; Daiber v. Scott, 3 C. C., 313; McQuillan on Municipal- Corporations, Section 1594.
Moreover, aside from any question of statutory or common.law dedication on the part of the owners of the parks in question’, the plaintiff has failed to show any legal interest or ownership in the premises involved.
*40 It appears from the evidence that prior to December 7, 1895, the plaintiff Robert Thompson had acquired all the interests of the several lessees and their successors in interest, conveyed by the indenture or lease of Robert E. Neil, trustee, to N. B. Abbott et al, under date of May 10, 1892.
On said date, December 7, 1895, Robert Thompson and wife quitclaimed all their interest to the Summit Land Company in some 7301 lots all of Indianola Summit addition as per recorded plat of same; also all said grantors’ right, title and interest in, to and under a certain agreement and lease heretofore executed and delivered by Robert E. Neil, Trustee, to N. B. Abbott and others, dated May 10, 1892.
On the same day, December 7, 1895, Chas. E. Miles, A. G. Pugh, John J. Dun, John A. Coles, Eli P. Evans, Robert Thompson, Howard C. Park, partners under the firm name and style of the Summit Land Company, and Robert Thompson as trustee for said partnership, conveyed to the Summit Land Company, a corporation, all the personal property and property of every kind and description, corporeal and incorporeal, belonging to said partnership, or to them, or either of them in trust for the partnership, including rights of forfeiture and other rights under title bonds issued by the partnership.
These conveyances left no remnant of right or interest in or to any part of the Indianola Summit addition in Robert Thompson. All the interest Robert Thompson held as one of the lessees of Robert Neil, trustee, or as grantee of any of the successors of said lessees of said Neil, trustee, subsequent to said lease, came through and was limited by said lease and same, whether individual or in trust, were conveyed by the conveyances mentioned by Robert Thompson to the Summit Land Company, and he has acquired no interest or title since.
The plaintiff has shown no right of recovery. The finding is in favor of defendant. The petition is dismissed at plaintiff’s cost.