HOSKINSON, Appellant,

v.

LAMBERT et al., Appellee.

[Cite as *Hoskinson v. Lambert,* 182 Ohio App.3d 527, 2009-Ohio-2564.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 2008–CA–0124.

Decided June 1, 2009.

Charles E. Taylor, for appellant.

Connie J. Klema, for appellee.

GWIN, Presiding Judge.

{¶ 1} Plaintiff Joyce E. Hoskinson appeals a judgment of the Court of Common Pleas of Licking County, Ohio, entered in favor of defendants Darrel G. and Valerie S. Lambert. Appellant assigns six errors to the trial court:

{¶ 2} "I. The lower court erred in finding as a fact that North Bank Rd. Begins with access just west of St. Rt. 360 and travels east until it ends (and adjoins) Cottage St., which turns due north and ends at St. Rt. 79. The property at issue is located just west (sic) (east) where N. Bank Rd. ends and Cottage St. Begins.

{¶ 3} "II. The lower court's finding that N. Bank Rd. did not continue east after crossing Cottage Street and that the 0.028 acre tract of land was located at that site was against the manifest weight of the evidence the judgment based thereon constituted prejudicial error as a matter of law.

{¶ 4} "III. The village council had no power to enact a hybrid form of common law dedication containing conditions and contingencies in accepting and thereafter recording a plat that complied with the requirements of R.C. Chapter 711.01 et seq. And the lower court erred as a matter of law in enforcing such impotent conditions and contingencies.

{¶ 5} "IV. The failure of the lower court to find that the village became vested with title to the real estate that constituted North Bank Rd. As mandated by Chapter 711.01 et seq. As interpreted by the Ohio Supreme Court and two district court of appeals constituted an abuse of discretion and was prejudicial as a matter of law.

{¶ 6} "V. The tribunal below erred in failing to find that the exception of right of ways of record precluded the quit claim deed from terminating Hoskinson's common law right of way in the private road and/or her subsequent rights after the plat of Rosebraugh Addition No. 3 was filed in accordance with Ohio Rev.Code Chapter 711.

{¶ 7} "VI.  The taking of appellant-plaintiff's right-of-way by refusing to follow the statutory and case law of Ohio violated the due process clauses of the Ohio and federal constitutions and was prejudicial as a matter of law."

{¶ 8} This case began as an action to quiet title to a parcel of land approximately .028 acre in size in the Village of Buckeye Lake, Licking County, Ohio. Buckeye Lake, the Lamberts, and other owners of adjacent land were defendants, but only the Lamberts participated in the bench trial before a magistrate. The magistrate made findings of fact and conclusions of law.

{¶ 9} The magistrate found that prior to 1988, five persons owned parcels of land comprising the village.  Before the village acquired the property, the individual property owners were responsible for providing public services for the home owners residing on their land, including maintaining private streets and providing seasonal services such as snow removal.

{¶ 10} In 1988, the village began acquiring land from four of the five owners, including the property at issue, the Rosebraugh Addition.  The property was originally platted on October 15, 1988, and was dedicated for public use to the village on February 8, 1990 by Alice L. Rosebraugh.  Some of the streets depicted on the plat maps were specifically dedicated to the village, including North Bank Road and Cottage Street.  Certain other streets remained private. The magistrate found that North Bank Road begins just west of State Route 360 and travels east until it ends and adjoins Cottage Street, which turns due north and ends at State Route 79.  The property at issue lies to the east of the intersection of North Bank Road and Cottage Street.

{¶ 11} On the recorded plat, this property appears as a narrow band of land roughly rectangular in shape, bordered on the north, east, and south by residential lots, and on the west by the junction of North Bank Road and Cottage Street. To the west the property is the same width as the intersection, and there is no dividing line between the property and North Bank Road.  Appellees the Lamberts own the property immediately south of the disputed property, and appellant own the lot adjacent to the Lamberts' and east of the property in question.  On the plat, the Lamberts' land abuts the disputed strip of land only on the south side, while appellant's property abuts the east end and is wider than the strip.  Appellant argues the disputed property is a continuation of North Bank Road.

{¶ 12} The Buckeye Lake Village Council passed Resolution 90–09 on April 2, 1990.  The Resolution stated: "Section 6: with [sic] 60 days of the date herein, being Monday, April 2, 1990, the streets must be in a condition making them passable for vehicular traffic.  Ohio Power Pole # 38 must be removed from the right-of-way, all speeds bumps must be removed, and a split-rail fence on the Foust property be removed back to his property line which is presently approxi-

mately 4 feet into the right-of-way, and all streets must be paved to a width of 14 feet with chip and seal. Council shall be the final judge for determining whether or not the streets are to be accepted, however, the plat is accepted as of this date subject to the contingencies above stated." The resolution was subsequently recorded and noted on the plat.

{¶ 13} The magistrate found that it was unclear when the contingencies were met, but the village had been maintaining both streets since 1990. At the time the above resolution was passed, the lot now belonging to the Lamberts was owned by the Rosebraugh heirs. On November 22, 1999, the Rosebraugh heirs executed a quit-claim deed transferring the disputed .028 acre of land to the Lamberts' predecessor in title.

{¶ 14} The magistrate found that since 1990, the property has been a grassy area with bushes and a wooden fence. The magistrate found that the property was never considered part of either North Bank Road or Cottage Street, and the village had never maintained or improved the property.

{¶ 15} The magistrate found that a common-law dedication can be proven by showing (1) the existence of an intention on the part of the owner to make a dedication, (2) an actual offer on the part of the owner, and (3) acceptance of the offer by or on behalf of the public. The magistrate found that the Rosebraugh heirs intended to dedicate North Bank Road and Cottage Street to the village and offered the property to the village. The magistrate found that the village accepted and maintained the improved area of North Bank Road and Cottage Street, but had not accepted the area in dispute because it did not meet the contingencies set out in the ordinance. The magistrate concluded that the title to the property never legally vested with the village and that the Rosebraugh heirs retained their interest in the property until they transferred it by quit claim deed, and the property passed through a succession of owners to the Lamberts.

{¶ 16} Appellant objected to the magistrate's decision, and the court overruled the objections, finding, after making an independent review of the contested matters, that the magistrate properly determined the factual issues and properly applied the appropriate law. This appeal ensued.

## I, II, III, IV, & V

■ {¶ 17} Appellant urges that the court's decision is against the manifest weight of the evidence and is error as a matter of law.

■ {¶ 18} A reviewing court will not disturb the trial court's decision as against the manifest weight of the evidence if the decision is supported by some competent, credible evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. The Supreme Court has

repeatedly held that an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. In determining whether a court erred as a matter of law, however, we conduct a de novo review. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, at ¶ 4.

{¶ 19} R.C. 711.06 provides:

{¶ 20} "A proprietor of lots or grounds in a municipal corporation, who subdivides or lays them out for sale, shall make an accurate plat of such subdivision, describing with certainty all grounds laid out or granted for streets, alleys, ways, commons, or other public uses. The proprietor shall superimpose such plat upon the land from which such plat is drawn and shall make an accurate background drawing of any metes-and-bounds descriptions of the lands from which such plat is drawn. Lots sold or intended for sale shall be numbered by progressive numbers or described by the squares in which situated, and the precise length and width shall be given of each lot sold or intended for sale. Such plat shall be subscribed by the proprietor, or his agent duly authorized by writing, and acknowledged before an officer authorized to take the acknowledgment of deeds, who shall certify the acknowledgment of the instrument, and such plat shall be recorded in the office of the county recorder."

{¶ 21} R.C. 711.07 provides:

{¶ 22} "Upon recording, as required by section 711.06 of the Revised Code, the plat shall thereupon be a sufficient conveyance to vest in the municipal corporation the fee of the parcel of land designated or intended for streets, alleys, ways, commons, or other public uses, to be held in the corporate name in trust to and for the uses and purposes set forth in the instrument."

{¶ 23} The Supreme Court had occasion to explain these statutes in *Eggert v. Puleo* (1993), 67 Ohio St.3d 78, 616 N.E.2d 195. In *Eggert,* the Moreland Hills Codified Ordinances No. 1111.01 provided that the council could approve a submitted plat "for record purposes only." The conditional approval would be noted on the plat, and the plat could then be filed in the recorder's office. The ordinance provided that if the developer complied with all the requirements and the plat was accurate, the village council would then approve the dedication and accept the streets and lands. The approved plat would then be filed in the recorder's office.

{¶ 24} A dispute developed between two property owners in a subdivision regarding whether a proposed public roadway had been properly approved and

recorded. The appellants in the case argued that the village had not accepted the property as a public street because it had approved the plat for recorded purposes only, never having given final formal approval.

{¶ 25} The Supreme Court held that the fee interest in the property passed to the village even though the village's ordinance stated that it would not accept the street until the contingencies had been met. The Revised Code requires that a plat be approved before it is recorded. (Citations omitted.) *Eggert*, 67 Ohio St.3d at 80, 616 N.E.2d 195.

{¶ 26} The court held that there is a difference between a village's approval of a plat and its acceptance of a dedicated street. The village could approve the plat, but delay acceptance of the street until the developer makes the required improvements. Upon approval and recording of the plat, the municipal corporation becomes the fee owner of the land on which the street is to be built, even though the land is still in the care and control of the developer until the street is completed. The proposed street does not become a public street until it is accepted by the municipal corporation, but if the developer makes the improvements, the village is required to accept the street. Upon acceptance, the care, supervision, and control of the street become the responsibility of the municipal corporation. Formal acceptance is not required to accept the dedication of the property as a public street.

{¶ 27} The Supreme Court noted that if the village had been unsure that the developer would make the required improvements, it could have delayed recording the plat pursuant to R.C. 711.101. *Eggert*, 67 Ohio St.3d at 80, 616 N.E.2d 195, fn. 4.

{¶ 28} Thus, analysis of the within dispute requires two steps. Initially, we must determine whether the village approved the plat and acquired the fee interest in any public road. Then, we must determine whether the subject property was intended to be a part of North Bank Road.

{¶ 29} In *Dolan v. Parma*, Cuyahoga App. No. 81183, 2003-Ohio-294, 2003 WL 289502, the Eighth District Court of Appeals reviewed a situation in which the city claimed that a parcel of real estate had been dedicated as a city park.

{¶ 30} The court held that a common law dedication can be proven only by showing an intention to dedicate on the part of the owner, an actual offer evidenced by an unequivocal act to make a dedication on the part of the owner, and acceptance of such an offer by or on behalf of the public. *Neeley v. Green* (1991), 73 Ohio App.3d 167, 170, 596 N.E.2d 1052. Further, an "owner's intention to dedicate property to public use * * * must be established by clear evidence." *Mentor Lagoons v. Wyant* (1957), 166 Ohio St. 169, 171, 1 O.O.2d 458, 140 N.E.2d 788.

{¶ 31} In *Dolan,* the city's ordinance purported to accept a parcel shaded in yellow on the recorded plat, but the recorded plat had no yellow shading. The appellate court held that the ordinance did not meet the statutory requirements to vest the city with the fee interest in the land. It then applied common law to determine whether the city owned the land in question. The court found no indication on the plat or in the city ordinances showing that the original owner had intended the property to be given to the city and showed no clear offer of the property to the city. The court compared its case to *Thompson v. Columbus* (1919), 30 Ohio Dec. 196, 1919 WL 1240, in which the court determined that a plat that contained a lot marked "park," and a notation indicating that the remaining lots were for sale, was sufficient to show a common law dedication to the property as a city park.

{¶ 32} As in *Eggert,* here, the village expressly approved the plat but reserved the right to accept or reject the streets subject to specified improvements. Pursuant to R.C. 711.07, the village acquired the fee interest in the land designated for public use, including any proposed public streets. The village did not comply with statutory provisions to formally accept the streets, but the record is clear that the village accepted and maintained the paved portions of North Bank Road and Cottage Street. It is also clear that the disputed property was not improved according to the village's specifications. This conclusion does not resolve the question of whether, when it was platted, the grantor actually intended this plot of land to be part of the dedicated street. As in *Dolan,* we must look to the recorded plat to determine the intent of the grantor.

{¶ 33} In the case at bar, it is clear that the disputed property is not a separate lot, nor is it part of any of the numbered parcels. There is no western property line marking where North Bank Road ends and the property begins. The record demonstrates no intent by the grantors to retain title to this parcel of land. The magistrate correctly found that this evidences an intention to dedicate the entire area, including the property at issue, as a public street. The magistrate was incorrect in finding the property reverted to the Rosenbraugh heirs. Pursuant to R.C. 711.07, the village owns and holds the property in trust for public use.

{¶ 34} We conclude that the trial court's judgment is contrary to law and against the manifest weight of the evidence. The first, second, third, fourth, and fifth assignments of error are sustained.

## VI

{¶ 35} Appellant urges that her due process rights were prejudiced by the trial court's judgment. Because we find sufficient other grounds to rule on appellant's assignments of error, we should refrain from addressing the constitutional issue appellant raises. *State v. Harford* (Mar. 6, 2001), Richland App. No 00CA89,

2001 WL 227704, citing *Dupler v. Mansfield Journal Co.* (1980), 64 Ohio St.2d 116, 18 O.O.3d 354, 413 N.E.2d 1187.

{¶ 36} The sixth assignment of error is moot.

{¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

Judgment reversed
and cause remanded.

EDWARDS and DELANEY, JJ., concur.