[Cite as *Hoskinson v. Lambert*, 2011-Ohio-4616.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOYCE E. HOSKINSON | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11-CA-18 |
| DARRELL G. LAMBERT, ET AL. | |
| | |
| Defendants-Appellees | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Common Pleas Court, Case No. 2005 CV 00056 |
| | |
| JUDGMENT: | Affirmed |
| | |
| DATE OF JUDGMENT ENTRY: | September 12, 2011 |
| | |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellant | For Defendants-Appellees |
| | |
| CHARLES E. TAYLOR | CONNIE J. KLEMA |
| P.O. Box 1730 | PO. Box 991 |
| Buckeye Lake, Ohio 43008 | Pataskala, Ohio 43062 |
| | |
| | BRIAN C. REED |
| | Reese, Pyle, Drake & Meyer, PLL |
| | 36 North Second St. |
| | P.O. Box 919 |
| | Newark, Ohio 43058-0919 |

*Hoffman, P.J.*

{¶1}  Plaintiff-appellant Joyce E. Hoskinson appeals the January 20, 2011 Judgment Entry of the Licking County Court of Common Pleas entering judgment in favor of Defendants-appellees Darrell G. Lambert and Valerie Lambert.

STATEMENT OF THE FACTS AND CASE

{¶2}  This case began as an action to quiet title to a parcel of land approximately .028 acres in size in the Village of Buckeye Lake, Licking County, Ohio (hereinafter "Village").  The Village, Darrell and Valerie Lambert, and other owners of adjacent land were defendants, but only the Lamberts participated in the bench trial before a magistrate. The magistrate issued findings of fact and conclusions of law.

{¶3}  The magistrate found that prior to 1988, five persons owned parcels of land comprising the Village. Before the Village acquired the subject property, the individual property owners were responsible for providing public services for the home owners residing on their land, including maintaining private streets and providing seasonal services such as snow removal.

{¶4}  In 1988, the Village began acquiring land from four of the five owners, including the property at issue, the "Rosebraugh Addition". The property was originally platted on October 15, 1988, and was dedicated for public use to the Village on February 8, 1990 by Alice L. Rosebraugh. Some of the streets depicted on the plat maps were specifically dedicated to the Village, including North Bank Road and Cottage Street. Certain other streets remained private. The magistrate found North Bank Road begins just west of State Route 360 and travels east until it ends and adjoins Cottage

Street, which turns due north and ends at State Route 79. The property at issue lies to the east of the intersection of North Bank Road and Cottage Street.

{¶5} On the recorded plat, this property appears as a narrow band of land roughly rectangular in shape, bordered on the north, east, and south by residential lots, and on the west by the junction of North Bank Road and Cottage Street. To the west the property is the same width as the intersection, and there is no dividing line between the property and North Bank Road. Appellees the Lamberts own the property immediately south of the disputed property, and Appellant Joyce Hoskinson owns the lot adjacent to the Lamberts and east of the property in question. On the plat, the Lamberts' land abuts the disputed strip of land only on the south side, while Appellant's property abuts the east end and is wider than the strip. Appellant argues the disputed property is a continuation of North Bank Road.

{¶6} The Buckeye Lake Village Council passed Resolution 90-09 on April 2, 1990. The Resolution stated: "Section 6: with [sic] 60 days of the date herein, being Monday, April 2, 1990, the streets must be in a condition making them passable for vehicular traffic. Ohio Power Pole # 38 must be removed from the right-of-way, all speeds bumps must be removed, and a split-rail fence on the Foust property be removed back to his property line which is presently approximately 4 feet into the right-of-way, and all streets must be paved to a width of 14 feet with chip and seal. Council shall be the final judge for determining whether or not the streets are to be accepted, however, the plat is accepted as of this date subject to the contingencies above stated." The resolution was subsequently recorded and noted on the plat.

{¶7} The magistrate found it was unclear when the contingencies were met, but the Village had been maintaining both streets since 1990. At the time the above resolution was passed, the lot now belonging to the Lamberts was owned by the Rosebraugh heirs. On November 22, 1999, the Rosebraugh heirs executed a quit-claim deed transferring the disputed .028 acre of land to the Lamberts' predecessor in title.

{¶8} The magistrate found since 1990, the property has been a grassy area with bushes and a wooden fence. The magistrate found the property was never considered part of either North Bank Road or Cottage Street, and the Village had never maintained or improved the property.

{¶9} The magistrate found a common-law dedication can be proven by showing (1) the existence of an intention on the part of the owner to make a dedication, (2) an actual offer on the part of the owner, and (3) acceptance of the offer by or on behalf of the public. The magistrate found the Rosebraugh heirs intended to dedicate North Bank Road and Cottage Street to the Village and offered the property to the Village. The magistrate found the Village accepted and maintained the improved area of North Bank Road and Cottage Street, but had not accepted the area in dispute because it did not meet the contingencies set out in the ordinance. The magistrate concluded the title to the property never legally vested with the Village and the Rosebraugh heirs retained their interest in the property until they transferred it by quit claim deed, and the property passed through a succession of owners to the Lamberts.

{¶10} Appellant objected to the magistrate's decision, and the court overruled the objections, finding, after making an independent review of the contested matters,

the magistrate properly determined the factual issues and properly applied the appropriate law.

{¶11} On appeal in *Hoskinson v. Lambert* (2009), 182 Ohio App.3d 527, this Court reversed the decision of the trial court and remanded for further proceedings, holding:

{¶12} "In the case at bar, it is clear that the disputed property is not a separate lot, nor is it part of any of the numbered parcels. There is no western property line marking where North Bank Road ends and the property begins. The record demonstrates no intent by the grantors to retain title to this parcel of land. The magistrate correctly found that this evidences an intention to dedicate the entire area, including the property at issue, as a public street. The magistrate was incorrect in finding the property reverted to the Rosenbraugh heirs. Pursuant to R.C. 711.07, the Village owns and holds the property in trust for public use."

{¶13} On remand, the trial court referred the matter to a magistrate. Via Magistrate's Order of August 3, 2009, the magistrate stated,

{¶14} "Because the parties had conflicting interpretations of the recent appellate decision(s) in this matter, counsel agreed to submit proposed entries in compliance with said decisions(s). Further, counsel for the plaintiff indicated that he would be filing a motion requesting leave to amend the complaint in light of the decision."

{¶15} Appellant moved the court for leave to file a supplemental complaint. Via Judgment Entry of January 18, 2011, the trial court denied Appellant's motion for leave to file a supplemental complaint.

{¶16} Further, via Judgment Entry of January 20, 2011, the trial court entered judgment holding the Village had a fee interest in the .028 acres, and had sole authority to determine whether to continue its ownership without improvement, improve the acres for street purposes and accept the same, sell the acres, or vacate the same, either on its own or upon the petition of a property owner.

{¶17} Appellant now appeals, assigning as error:

{¶18} "I. WHEN AFTER HAVING MADE A REFERENCE TO A MAGISTRATE WHO HAD CONDUCTED NO EVIDENTIAL HEARING AND MADE NO FINDINGS OF FACT AND CONCLUSIONS OF LAW THE TRIAL JUDGE VIOLATED DUE PROCESS BY FILING ENTRIES DENYING THE PREVAILING PARTY IN THE COURT OF APPEALS FROM FILING A SUPPLEMENTAL COMPLAINT AND GRANTING JUDGMENT TO THE DEFENDANT.

{¶19} "II. REFUSAL TO GRANT LEAVE TO THE PLAINTIFF TO FILE A SUPPLEMENTAL COMPLAINT UNDER OHIO CIV.R. 15(E) WAS ARBITRARY AND CAPRICIOUS, CONTRARY TO LAW AND AN ABUSE OF DISCRETION.

{¶20} "III. THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE 'BAD FAITH' AND WRONGFUL RECORDING OF A DEED WITHOUT WARRANTY AND BUILDING A FENCE ON SUCH PROPERTY AND OBSTRUCTING THE RIGHT OF WAY OF AN ABUTTING OWNER CONSTITUTED A SLANDER OF TITLE FOR WHICH THE VICTIMIZED PARTY IS ENTITLED TO PUNITIVE DAMAGES AND ATTORNEY FEES FOR REMOVING THE CLOUD ON TITLE UNTIL THE CLOUD IS REMOVED.

**{¶21}** "IV. DEFENDANTS-APPELLEES' EX PARTE COLLABORATION WITH THE TRIAL COURT TO HARASS THE PLAINTIFF AND MAKE THE PLAINTIFF-APPELLANT FILE MULTIPLE APPEALS SO AS TO KEEP THE RIGHT OF WAY BLOCKED BY NOT COMPLYING WITH RULE 54(B) IS ACTIONABLE."

I, II, & III.

**{¶22}** Appellant's first, second and third assignments of error raise common and interrelated issues; therefore, we shall address the arguments together.

**{¶23}** Appellant sought leave to file a supplemental complaint pursuant to Civil Rule 15(E) which reads,

**{¶24}** "(E) Supplemental pleadings

**{¶25}** "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor."

**{¶26}** Appellant's supplemental complaint sought to add new claims for compensatory and punitive damages for wrongful exclusion of her right of access. However, Appellant's motion to file a supplemental complaint does not set forth additional facts, events or transactions which have occurred since the filing of the case and which were not in existence at that time. Accordingly, we find the trial court did not

abuse its discretion in denying Appellant's motion for leave to file a supplemental complaint to allow the additional claims which were not plead in the original complaint.

{¶27} Neither Appellant's original or supplemental complaint made claims for slander of title or bad faith. However, Appellant assigns as error the trial court's error in failing to find punitive damages and attorney fees for said misconduct. Appellant cannot assign as error an issue not raised before the trial court, nor addressed by this Court in the previous appeal.

{¶28} The first, second and third assignments of error are overruled.

IV.

{¶29} Appellant's fourth assignment of error alleges ex parte communication between Appellees and the trial court to harass Appellant and encourage multiple appeals.

{¶30} Upon review, we find the record does not affirmatively demonstrate ex parte communication between the trial court and Appellee or Appellee's counsel. This Court is unaware of any disciplinary action initiated by Appellant with regard to such matters.

{¶31} Appellant's fourth assignment of error is overruled.

{¶32} The January 20, 2011 Judgment Entry of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Edwards, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JOYCE E. HOSKINSON            :
                               :

    Plaintiff-Appellant        :
                               :

-vs-                          :                JUDGMENT ENTRY
                               :

DARRELL G. LAMBERT, ET AL.    :
                               :

    Defendant-Appellees    :              Case No. 11-CA-18

For the reasons stated in our accompanying Opinion, the January 20, 2011 Judgment Entry of the Licking County Court of Common Pleas is affirmed.  Costs to Appellant.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS